U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 2 2 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SILENTOE K. FOSTER     DOCKET NO. 15-CV-2459

VERSUS     JUDGE DRELL

JOHN MCCAIN, ET AL.     MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Pro se Plaintiff Silentoe K. Foster filed the instant civil rights complaint *in forma pauperis* on October 1, 2015. Plaintiff filed the one-page complaint along with forty pages of exhibits consisting mostly of handwritten notes, letters, and lists, complaining that his rights were violated on various dates by numerous individuals.

This matter has been referred to the undersigned for review, report and recommendation.

### *Factual Allegations*

Plaintiff does not set forth any factual allegations in his one-page complaint. However, from the exhibits, it appears that he is complaining that Lucifer stole his ideas, that he has been assaulted by evil spirits, and that unidentified Muslims have contaminated food in his home and raped him and his children. He also complains of a private attorney attempting to settle his cases without his consent. He attaches a few inmate grievances from periods of incarceration, although he is not incarcerated at this time. His documents are largely unintelligible.

## Law and Application

A district court must dismiss a complaint filed in forma pauperis any time after the court determines that the action is "frivolous." 28 U.S.C. §1915(e)(2)(B)(i)(2006); Walp v. Scott, 115 F.3d 308, 309 (5th Cir. 1997). District courts can make such a determination sua sponte. See Jones v. Bock, 549 U.S. 199, 214 (2007). While some subsections of §1915 refer only to prisoners, the §1915(e)(2)(B) standard for dismissing a frivolous complaint applies equally to prisoners and non-prisoners. See Newsome v. EEOC, 301 F.3d 227, 231-33 (5th Cir. 2002)(upholding dismissal based on §1915(e)(2)(B) in a non-prisoner case).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). A complaint lacks an arguable basis in fact when "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." Denton v. Hernandez, 504 U.S. 25, 33 (1992)(citations and quotations omitted); see also Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009)(repeating the "fantastic" and "delusional" criteria). "A finding of factual frivolousness is appropriate when the facts alleged rise to the

2

level of irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33; see also Neitzke, 490 U.S. at 327 (describing the "unusual power to pierce the veil of the complaint's factual allegations" afforded under §1915).

Even broadly construing Plaintiff's claims, his complaint is factually frivolous. Far beyond "delusional," "fanciful," "irrational," and "wholly incredible," Plaintiff's complaints are also unintelligible, incomprehensible, and nonsensical. The complaint is replete with fanciful charges against numerous individuals, real and imaginary.

Plaintiff provided a copy of an inmate grievance seeking release from jail. Such relief is not available by way of a civil rights action, see Calderon v. Ashmus, 523 U.S. 740, 747 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."), and a habeas claim would be moot, as Plaintiff was released.

Plaintiff's complaint has no arguable basis, and amending the complaint would not cure the deficiency. Accordingly, dismissal with prejudice is appropriate. See Denton, 504 U.S. at 34 (advising appeals courts to consider whether "frivolous factual determination could be remedied through more specific pleadings"); Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) (describing situations in

3

which dismissal with prejudice is appropriate).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B). Further, **IT IS ORDERED** that Plaintiff's pending motions to appoint counsel and to compel discovery [Doc. #3, 11, 13] are **HEREBY DENIED**.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 22nd day of December, 2015.

_____
Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge

5